(C. D. 1583)

EXCEL SHIPPING CORP.
N. G. BASEVI, INC. $\Big\}$ *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 3, 1954)

*Sharretts, Paley & Carter* (*Edward P. Sharretts, Jr.,* and *Joseph F. Donohue* of counsel) for the plaintiffs.

*Warren E. Burger,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: Certain imported merchandise, described on the commercial invoice as "Religious Pictures," "Mourning Coloured Pictures," doubles and singles, was classified by the collector of customs at the port of New York as social cards, without text, and assessed with duty at the rate of 15 per centum ad valorem, pursuant to the provisions of paragraph 1410 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

The importer protested said assessment, claiming that the merchandise in question is properly dutiable at the rate of 15 cents per pound, within that portion of paragraph 1406 of said act, as modified by said trade agreement, which provides for lithographically printed paper articles, not exceeding twelve one-thousandths of an inch in thickness.

Paragraph 1406, as modified, provides:

Pictures, calendars, cards, placards, and other articles (not including labels, flaps, and cigar bands), composed wholly or in chief value of paper lithographically printed in whole or in part from stone, gelatin, metal, or other material (except boxes, views of American scenery or objects, and music, and illustrations when forming part of a periodical or newspaper, or of bound or unbound books, accompanying the same), not specially provided for:

\*        \*        \*        \*        \*        \*        \*

All articles provided for in the provisions of paragraph 1406, Tariff Act of 1930, for "all articles other than those hereinbefore specifically provided for in this paragraph":

Not exceeding twelve one-thousandths of one inch in thickness____ 15¢ per lb.

Paragraph 1410, as modified, provides:

Greeting cards, valentines, tally cards, place cards, and all other social and gift cards, including folders, booklets and cutouts, or in any other form, wholly or partly manufactured:

\*      \*      \*      \*      \*      \*      \*

Without greeting, title or other wording_____15% ad val.

This case was submitted for decision upon a written stipulation of fact entered into between counsel for the respective parties. Insofar as here relevant, it provides as follows:

1. The merchandise which is the subject matter of the protest is identified on the invoice by the letter "A" and checked E. T. W. by Examiner Walton and was classified as social cards under the provision in paragraph 1410, Tariff Act of 1930 and assessed thereunder at 15% ad valorem, the rate provided by the General Agreement on Tariffs and Trade for an item in said paragraph 1410 described in said Trade Agreement as "greeting cards * * * and all other social and gift cards * * * without greeting, title or wording."

2. Said articles are composed wholly of paper, lithographically printed, not exceeding .012 inches in thickness and are represented by the exhibit submitted in connection herewith which may be received in evidence as Exhibit 1.

3. Said articles are chiefly used by funeral directors who purchase them in large quantities.

4. The cards are not used by funeral directors in their imported condition but are printed to show on the back thereof the name of a decedent, the year of his birth and death, some suitable inscription such as "rest in peace" or "in memory of" and a prayer appropriate to the fact of death.

5. Said cards, in this printed condition, are used by funeral directors in connection with funerals by being placed on a stand or table in a funeral home or in the home of the decedent at the period between the time of his death and his interment. The cards are made available to visitors of the family of the decedent during said period.

An examination of the card, which is annexed to the stipulation and has been received in evidence as plaintiff's exhibit 1, reveals that it is approximately 2″ by 3″ in size. The face of the card depicts a figure evidently representing Christ, robed in white and mauve, picking flowers which appear to be lilies. In the foreground, is a large cross, partially covered by green leaves.

Upon this exhibit and the stipulated facts, counsel for plaintiffs contend that the cards are religious cards, and, as such, are excluded from the scope of the provision in paragraph 1410, *supra*, for social cards. On the other hand, counsel for the Government, in seeking to sustain the collector's classification, urges that these are not religious cards, or that even if they are, they are not, as a matter of law, excluded from the category of social cards.

In support of their position, counsel for the plaintiffs invite our attention to the following excerpt from the 1929 Summary of Tariff Information which is to be found at page 1866 of said volume:

*Religious cards* have been held not to be dutiable under the provision in paragraph 1310 [of the Tariff Act of 1922] for greeting and all other social and gift cards

which was held to be limited to social cards. *Religious cards* were held dutiable as engravings at 25 per cent under the same paragraph. (C. I. E. 2720.)

Counsel for the Government has supplied us with a photostatic copy of the C. I. E. report referred to in the foregoing, but no sample accompanies it, and, hence, no comparison between the article covered by said report and that here involved can be made. Nevertheless, and for the reasons which we assign, *infra*, we are of opinion that the claim of the plaintiffs is a meritorious one.

Paragraph 1310 of the Tariff Act of 1922, which Congress revised into the present paragraph 1410, provided in part for "* * * greeting cards, and all other social and gift cards, including those in the form of folders and booklets, wholly or partly manufactured, * * * without text or greeting * * *."

In the case of *B. Wilmsen* v. *United States*, 48 Treas. Dec. 786, Abstract 50628, decided when the 1922 act was in effect, it was held that "printed valentines in the form of cut-outs, stand-ups, mechanical pullers, etc.," were excluded from the provision for greeting cards. Congress was specifically advised of the fact of this decision in the 1929 Summary of Tariff Information, page 1843, as well as in the Memorandum of Court Decisions Affecting the Tariff Act of 1922, prepared for the use of the Committee on Ways and Means, House of Representatives. It was suggested in the latter that if this interpretation did not accord with congressional intent, the provision should be amended to include valentines *eo nomine*.

That Congress took cognizance of this recommendation and made the suggested amendment is indicated by the present phraseology of the greeting-card provision, *supra*. We deem significant the omission to make a similar change in respect to religious cards, and are of opinion that the failure of Congress to enact specific legislation to cover the same bespeaks a congressional purpose to approve and ratify the views held by the Treasury Department to the effect that religious cards are not social cards.

Moreover, there is logic and reason in preserving within the structure of the tariff act the distinction which obtains in everyday life between the spiritual and the temporal, the religious and the laic.

Accordingly, if the cards before us are religious cards, they are not provided for in paragraph 1410, *supra*, as social cards. That they are religious cards seems amply established by the evidence in this case. The stipulated fact that the cards are, after importation, "printed to show on the back thereof the name of a decedent, the year of his birth and death, some suitable inscription, such as 'rest in peace' or 'in memory of' and a prayer appropriate to the fact of death," suggests a ceremonial observance with religious overtones. The pictorial representation on the face of the card, symbolic as it is of the Christian

religion, serves to heighten the religious character of the article. When the physical characteristics of these cards, in the condition in which they are used after importation, are coupled with the function which they serve, in connection with funerals, and the period between death and interment, their religious qualities are apparent.

In view of the foregoing, we hold that the involved cards are religious cards, and that they are not covered by the provision in paragraph 1410, *supra*, for social cards. They are properly classifiable as paper articles lithographically printed, not exceeding twelve one-thousandths of an inch in thickness, within the provisions of paragraph 1406 of the Tariff Act of 1930, as modified, *supra*, which are dutiable at the rate of 15 cents per pound. The claim in the protest to that effect is sustained as to the items of merchandise identified on the invoice by the letter "A" and checked ETW, by Examiner Walton. Judgment will be entered accordingly.